UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELA PROPERTIES, LLC,

    Plaintiff,

v.                                                          Case No:  2:18-cv-404-FtM-99CM

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of Plaintiff Mela Properties, LLC's ("Mela") Amended Complaint filed on June 13, 2018.  (Doc. 7).  Nearly three months ago, Mela filed suit against Defendant Certain Underwriters at Lloyd's of London ("Underwriters") for declaratory relief and breach of contract, citing diversity jurisdiction.  (Doc. 1).  Upon review, the Court dismissed Mela's complaint for lack of subject matter jurisdiction because it failed to (a) allege the citizenship of each member of its limited liability company and (b) give insight into Underwriters' citizenship.  (Doc. 6).  Thereafter, Mela filed an Amended Complaint.  (Doc. 7).  For the reasons below, Mela still fails to provide the Court with sufficient information to establish diversity jurisdiction.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Because federal courts are courts of limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an action filed directly in federal court, the plaintiff must plead and prove jurisdiction. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The diversity of citizenship prong remains problematic here.

As the Court previously explained, for purposes of diversity jurisdiction, a limited liability company (LLC) is a citizen of every state in which one of its members is located. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to sufficiently allege citizenship of an LLC, a party must list the citizenship of all the members of that entity, not just its managing member(s). *See id.*; *see also Venture Investments Properties, LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *1 (M.D. Fla. Jan. 21, 2015) ("To establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members.") (citing *Rolling Greens, MHP, L.P.*, 374 F.3d at 1022)); *Cherry Group, LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-cv-222-J-34TEM, 2014 WL 2801076, at *2 (M.D. Fla. June 19, 2014) (same).

In its Amended Complaint, Mela alleges that it is:

> a Limited Liability Company with its principal place of business identified as 506-536 9th Street North, Naples, Collier County,

Florida. At all times relevant hereto, Mela's sole Managing Member, Gianluca Corso, has been, and continues to be, a resident and domicile of Naples, Collier County, Florida. Therefore, Mela (as well as its sole Managing Member, Gianluca Corso) is a citizen of Florida for the purposes of involving this Court's diversity jurisdiction.

(Doc. 7 at ¶ 3). This allegation fails to indicate whether there are *non-managing* members of Mela and, if so, their domicile. It may be that managing member, Gianluca Corso, is the only member that exists. However, based on the allegation provided, the Court cannot determine whether Mela has listed all its members. Thus, on the face of the Amended Complaint, it is unclear whether complete diversity exists.[2]

Considering the above, the Court will afford Mela another opportunity to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Mela Properties, LLC's Amended Complaint (Doc. 7) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff may file a

---

[2] On the other hand, the Court finds Plaintiff has sufficiently alleged citizenship of Underwriters. The Eleventh Circuit has held each "Name" or "member" subscribing to a policy underwritten by Lloyd's of London must be considered in determining diversity of citizenship. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088 (11th Cir. 2010). "Names" or "members" "may be people or corporations; they sign up for certain percentages of various risks[.]" *Id.* at 1083. Here, Plaintiff has provided evidence that only *one* "Name" or "member"—JHA Miller Contract 662 (JHA Miller)—subscribes to the policy and absorbs 100% of the risk. (Doc. 7 at ¶ 5; Doc. 7-1 at 8). Mela states JHA Miller "is a company which is incorporated in England and has its principal place of business in London, England." (Doc. 7 at ¶ 5). Thus, Mela has sufficiently alleged Underwriters is a citizen of England. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of both the foreign state of its incorporation and the foreign state where it has its principal place of business). However, without complete diversity of citizenship, the Court lacks subject matter jurisdiction over this case.

second amended complaint on or before **August 29, 2018**.  Failure to do so will result in the Court closing this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of August, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record