UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELA PROPERTIES, LLC,

    Plaintiff,

v.     Case No: 2:18-cv-404-FtM-99UAM

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,

    Defendant.

### ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Strike Defendant's Counterclaim to Plaintiff's Second Amended Complaint or, in the Alternative, Certain Allegations within the Defendant's Counterclaim to Plaintiff's Second Amended Complaint. Doc. 27. Plaintiff seeks to strike allegations and cited cases in Defendant Certain Underwriters at Lloyd's of London's ("Liberty") Counterclaim as immaterial and prejudicial. *Id.* Liberty responded in opposition, and Plaintiff filed a Notice of Filing Supplemental Authority in support of its motion. Docs. 34, 36. For the reasons stated herein, the motion will be denied.

**I.**     **Background**

Plaintiff initially filed this case on June 8, 2018, and on August 24, 2018, Plaintiff filed the operative Second Amended Complaint. Docs. 1, 18. According to Plaintiff's Second Amended Complaint, Plaintiff had an "all risk" property insurance policy, Policy No. JHL100595 (the "Policy"), through Liberty insuring a property from May 20, 2017 to May 20, 2018. Doc. 18 ¶¶ 1, 3, 6-8. The Policy contains an appraisal clause, which states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an

umpire. If they cannot agree, either may request that selection be made by a judge of the court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its own chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Doc. 18 ¶ 9; Doc. 18-1 at 20.

On or about September 10, 2017, the property sustained physical damage and losses due to Hurricane Irma. Doc. 18 ¶ 10. To assist with assessing the property damage, Plaintiff retained a professional insurance claim consulting firm: Keys Claims Consultants, Inc. ("KCC"). *Id.* ¶ 11. Plaintiff timely submitted an insurance claim to Liberty for the losses and commissioned evaluations of the property. *Id.* ¶¶ 12, 14-15. On February 1, 2018, Liberty acknowledged coverage for verified wind damages totaling $8,897.13, but contested the scope of the verified wind damages. *Id.* ¶¶ 19-20. Liberty advised Plaintiff that no payment would be issued because the amount of loss was within the Policy's $31,500.00 deductible. *Id.* ¶ 19. Plaintiff values its amount of loss at $239,892.95. *Id.* ¶¶ 21-22. Given the dispute as to the amount of loss, Plaintiff invoked the Policy's appraisal clause on March 9, 2018 and designated George W. Keys as its appraiser. *Id.* ¶ 24. On April 18, 2018, Liberty rejected Plaintiff's appraisal demand, arguing appraisal was not appropriate given the still-unresolved coverage dispute and objecting to the selection of Keys as Plaintiff's appraiser on the basis that he is neither competent nor impartial. *Id.* ¶ 25.

Plaintiff filed the present action seeking declaratory relief regarding the parties' rights, duties, and responsibilities under the Policy. *Id.* ¶ 35. Relevant here, Plaintiff seeks the following declarations regarding Keys:

> f. That given the facts and circumstances at issue in this matter, KCC's Principal, George Keys, meets and satisfies the requirements of a competent and impartial appraiser in accordance with the Policy's Appraisal Clause;
>
> g. Confirming the Insured's designation of KCC's principal, George Keys, as its competent and impartial Appraiser in this matter[.]

Doc. 18 at 10. Plaintiff also filed a breach of contract claim against Liberty, and it seeks to compel appraisal under the Policy. *Id.* at 10-12. In its Answer to Plaintiff's Second Amended Complaint, Liberty included a counterclaim seeking declaratory relief. *See* Doc. 22 at 11-24. Specifically, Liberty seeks the following declarations regarding Keys:

> d. Finding that Mela's appointed appraiser, George Keys[,] is neither competent nor impartial to serve as an appraiser under the Policy;
>
> e. Finding that Mela breached the Policy by appointing a biased appraiser in violation of the Policy's appraisal provision;
>
> f. Compelling Mela to appoint an appraiser who is in fact impartial and specifically who is not George Keys, nor associated with George Keys, Keys Claims, or Mela's current or former counsel in any way, at such time when appraisal becomes appropriate in this matter[.]

Doc. 22 at 24. In support of its counterclaim, Liberty provided extensive factual allegations regarding Keys' ties to Plaintiff's current counsel, former counsel, and a "pro-policyholder" industry organization. *Id.* ¶¶ 17-46. Liberty also identified two Colorado cases that disqualified Keys from serving as an impartial appraiser. *Id.* ¶¶ 21-24, 27-29, 35, 39-42.

Plaintiff filed the present motion on October 1, 2018, seeking to strike the allegations regarding Keys' alleged relationships with the Florida Association of Public Insurance Adjusters ("FAPIA"), Merlin Law Group, Childress Duffy, Douglas L. Grose/Douglas L. Grose, PA, and

the Vaka Law Group, as well as the references to the Colorado cases. Doc. 27. Liberty responded in opposition on October 10, 2018. Doc. 34. The matter is ripe for judicial review.

**II.     Analysis**

Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In evaluating a motion to strike, the court must accept the facts alleged in a pleading as true, and "[a] disputed question of fact cannot be decided on a motion to strike." *Smith v. Beasley*, No. 3:10-cv-317-J-32JBT, 2011 WL 3961823, at *2 (M.D. Fla. Sept. 8, 2011) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003). A motion to strike should be denied unless the challenged allegations have no possible relation to the case, confuse the issues, or prejudice the moving party. *Augustus*, 306 F.2d at 868; *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008); *Nankivil*, 216 F.R.D. at 691.

Here, Plaintiff argues Liberty's counterclaim allegations regarding the FAPIA, Merlin Law Group, Childress Duffy, Douglas L. Grose/Douglas L. Grose, PA, and the Vaka Law Group are immaterial, misleading, and confusing because none of the entities or individuals have any relationship to Plaintiff's claims, and the Colorado cases are inapposite to this case and Florida law. *See* Doc. 27 at 3-4, 6-17. Plaintiff also asserts the allegations are prejudicial to its interests because they require Plaintiff, "a smaller limited liability company with finite resources," to "dedicate precious resources to address and participate in meaningless discovery about individuals, entities and matters that are absolutely immaterial to the primary dispute at issue in this case"— namely, coverage under the Policy. *Id.* at 17-18. Further, Plaintiff contends addressing these immaterial issues will "unnecessarily prolong this litigation." *Id.* at 18. Liberty responds that

the Colorado cases are legally relevant because although they are not binding on this Court, they serve as "persuasive examples of anther court's reasoning in analyzing an appraiser's impartiality," especially given that they evaluate the same appraiser at issue here. Doc. 34 at 8-11. Liberty asserts the challenged allegations are factually relevant because they demonstrate Keys' connections with the identified entities and individuals, and those relationships bear on Keys' ability to serve as an impartial appraiser of Plaintiff's loss. *Id.* at 11-14. Liberty also contends the allegations are not prejudicial because *Plaintiff* affirmatively raised the issue of Keys' impartiality as an appraiser, and discovery on the issue is thus relevant and material to this case. *Id.* at 2, 14.

The Court finds striking the subject allegations and Colorado cases improper. In its Second Amended Complaint, Plaintiff specifically seeks declarations regarding Keys' impartiality as an appraiser. *See* Doc. 18 at 10. Liberty responded with a counterclaim seeking declarations that Keys is not an impartial appraiser, providing the subject allegations in support of its requested relief. *See* Doc. 22 at 23-24. Liberty referenced the Colorado cases as examples of how other courts have analyzed this same issue regarding some of the same individuals and entities, not as citations to binding authority. *See* Doc. 22 at ¶¶ 21-43; Doc. 34 at 6-7. Treating the challenged allegations as true, they are clearly related to the case, and they do not confuse the issues or prejudice Plaintiff; Keys' impartiality as an appraiser is central to the claims in this case. *Augustus*, 306 F.2d at 868; *Harvey*, 568 F. Supp. 2d at 1359; *Nankivil*, 216 F.R.D. at 691. Further, it would be inappropriate for the Court to resolve any disputed issues as to Keys' relationships with the identified entities/individuals on a motion to strike—such questions are only determinable "after discovery and a hearing on the merits." *Smith*, 2011 WL 3961823, at *2 (citing *Harvey*, 568 F. Supp. 2d at 1360).

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion to Strike Defendant's Counterclaim to Plaintiff's Second Amended Complaint or, in the Alternative, Certain Allegations within the Defendant's Counterclaim to Plaintiff's Second Amended Complaint (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of February, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record