UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELA PROPERTIES, LLC,    CASE NO: 2:18-CV-404-FLM-99-CM

    Plaintiff / Counter-Defendant,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY NO.
JHL 100595,

    Defendants / Counter-Plaintiffs.
_____/

## [PROPOSED] STIPULATED FINAL JUDGMENT

THIS CAUSE came before the Court upon the Joint Motion for Entry of Stipulated Final Judgment, and the Court having reviewed its file, HEREBY ORDERS the following:

WHEREAS, Mela Properties, LLC ("Mela" or "Party") owns certain property located at 506-536 Tamiami Trail North, Naples, Florida, 34102 (the "Property");

WHEREAS, subject to its terms and conditions, Liberty insured the Property pursuant to Policy No. JHL100595 (the "Policy");

WHEREAS, Mela has asserted claims against Certain Underwriters at Lloyd's, London Subscribing to Policy No. JHL100595, also known as Liberty Corporate Capital Limited ("Liberty"), arising out of Hurricane Irma on or about September 10, 2017 (the "Claim") and, therein, sought Appraisal;

WHEREAS, Liberty denies any amount is owed under the Policy;

WHEREAS, Mela filed this action styled *Mela Properties, LLC v. Certain Underwriters at Lloyd's, London Subscribing to Policy No. JHL100595*, Case No. 2:18-cv-00404 in the United

States District Court for the Middle District of Florida ("Court"), asserting claims for declaratory relief and breach of contract (the "Lawsuit);

WHEREAS, the Lawsuit seeks damages, attorneys fees, legal assistant fees, costs, prejudgment interest, and all other relief that the Court deems just and appropriate;

WHEREAS, Liberty filed a *Counterclaim to Plaintiff's Second Amended Complaint* asserting a claim for Declaratory Judgment against Mela;

WHEREAS Mela and Liberty (hereinafter collectively referred to, where appropriate, as the "Parties") entered a *Contingent Appraisal, Settlement, and Release Agreement* ("Agreement") on September 17, 2019;

WHEREAS, the Parties entered the Agreement to establish the mutually agreeable framework for the resolution of the Claim;

WHEREAS this Court administratively dismissed the Lawsuit *without prejudice* on October 9, 2019, requesting a form final judgment or extension for same be filed no later than December 9, 2019. [ECF No. 55];

WHEREAS this Court extended the deadline for the form final judgment through December 3, 2020 upon the Parties' unopposed motions. [ECF No. 62];

WHEREAS, Pursuant to the Agreement, the Parties each nominated party-appointed appraisers who then selected an impartial Umpire in accordance with the Policy's Appraisal provision;

WHEREAS the Umpire entered a final appraisal award on September 1, 2020 of $244,477.68 RCV/$217,154.05 ACV;

WHEREAS the Parties agreed to apply the final appraisal award on October 26, 2020, as the RCV amount sans the 5% deductible of $31,500 and the uncovered, law and ordinance amount

of $47,518.23, totaling $165,459.45, in full compromise of the Lawsuit pursuant to the Agreement (final "Appraisal Award");

WHEREAS said payment fully and completely will resolve any and all disputes between the Parties and none of the Parties shall be entitled to any further or additional relief; and

ACCORDINGLY, this Court Orders upon stipulation by the Parties, the following:

## STIPULATED FINAL JUDGMENT

1. Liberty shall satisfy payment of the final Appraisal Award in the amount of $165,459.45 on or before seven (7) business days following the filing of this Stipulated Final Judgment.

2. The payment shall be made directly to: "Mela Properties LLC; Boyle, Leonard & Anderson, P.A.; and Keys Claims Consultants, LLC." No other entities or individuals are owed any payment under this Stipulated Final Judgment or as a result of the allegations in this Lawsuit.

3. There are no applicable liens or assignments that preclude the entry of this Stipulated Final Judgment. To the extent that any such liens or assignments exist, Mela will satisfy any such liens, existing now or which may arise in the future, and hold harmless, defend, and indemnify Liberty from and against any and all third-party claims arising as a result of such applicable liens or assignments, including, but not limited to, any claims concerning payment by any public adjuster, any fees charged by Mela's appointed appraiser, and/or Mela's obligation for 50% of the those fees charged by the Appraisal Panel's Umpire and/or expenses incurred in the Appraisal proceedings.

4. The tender of payment for all amounts owed under the final Appraisal Award in accordance with the Policy and terms and conditions of this Stipulated Final Judgment shall operate as Mela's complete and total release of all claims brought against Liberty in the Lawsuit.

Specifically, Mela, including its (past, present, and future) parent, subsidiary, and affiliate companies, officers, directors, stockholders, partners, limited partners, joint venturers, agents, representatives, employers, employees, servants, volunteers, contractors, subcontractors, independent contractors, predecessors, successors, assigns, heirs, beneficiaries, executors, administrators, estates, attorneys, public adjusters, and all other interested parties shall forever release, acquit and discharge Liberty and their attorneys, adjusters, administrators, members, employees, agents, present and former officers, directors, parent companies, subsidiaries, affiliates, partners, stockholders, managers, representatives, predecessors, successors, assigns, claim administrators, third-party administrators, insurers, managing agents, and reinsurers from any and all claims, liabilities, demands, actions, causes of action, obligations, or any other right or asserted right to the payment of money or to the performance of any obligation that Mela has, claims to have, or hereafter at any time in the future may have or claim to have, either directly or indirectly, in whole or in part, against Liberty under the Policy. Except as otherwise set forth herein, this shall include all legal actions, appraisals, claims, demands, rights, actions, causes of actions, bad faith claim, attorneys' fee claim, claims for extra-contractual damages, punitive damages, and/or any other damages known or unknown, anticipated or unanticipated, which Mela has now or claims to have now or which may hereafter accrue against Liberty in any way related to the Lawsuit, the Claim, the Policy, and/or Hurricane Irma, no matter how direct, indirect, proximate, or remote. For the avoidance of doubt, nothing in this paragraph shall preclude Mela from recovering those amounts awarded under the terms of the final Appraisal Award.

5. The tender of payment for all amounts owed under the final Appraisal Award in accordance with the Policy and terms and conditions of this Stipulated Final Judgment shall also

operate as Liberty's complete and total release of all claims brought against Mela in the Counterclaim.

6. Each Party shall: (a) pay its chosen appraiser; and (b) bear the other expenses of the Appraisal proceedings and Umpire equally.

7. This Stipulated Final Judgment shall not act as an admission of liability by any Party.

8. This Stipulated Final Judgment constitutes the entire stipulated form final judgment between the Parties.

9. This Stipulated Final Judgment shall be governed by and interpreted in accordance with the laws of the State of Florida.

10. No amendments or modifications of the terms or provisions of this Stipulated Final Judgment shall be valid unless made by motion to this Court.

**DONE AND ORDERED** in Ft. Meyers, Florida on _____, 2020.

_____
Hon. Sheri Polster Chappell
United States District Judge

Copies furnished to:
Counsel of record